UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUAMER KLLAPIJA, CRISTIAN SALAZAR and MICHAEL ESTRADA,<br><br>                      Plaintiffs,<br><br>-against-<br><br>PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 TO #20, individually, and SANITATION WORKERS #1 to #20,<br><br>                      Defendants. | ECF Case<br><br>07 Civ. 7597<br><br>**ANSWER/AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendants by and through their attorneys, Thacher Proffitt & Wood LLP, answer the complaint of Plaintiffs (the "Complaint") as follows:

## NATURE OF THE ACTION

1. Deny the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

## JURISDICTION

2. The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendants respectfully refer the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

## THE PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Admit the allegations set forth in paragraph 4 of the Complaint.

5. Admit the allegations set forth in paragraph 5 of the Complaint.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Admit the allegations set forth in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

## THE FACTS

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Deny the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

## AS AND FOR A FIRST CLAIM

21. In response to the allegations contained in paragraph 21 Defendants repeat and reallege their responses set forth in paragraphs 1-20 of as if fully incorporated herein.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

## AS AND FOR A SECOND CLAIM

23. In response to the allegations contained in paragraph 23 Defendants repeat and reallege their responses set forth in paragraphs 1-20 of as if fully incorporated herein.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

25. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

26. The Defendants are entitled to qualified and/or absolute immunity.

## THIRD AFFIRMATIVE DEFENSE

27. Plaintiffs lack capacity and or standing to sue.

## FOURTH AFFIRMATIVE DEFENSE

28. The Court lacks personal and/or subject matter jurisdiction.

**WHEREFORE**, Defendants respectfully request that the Court enter an order

(i) dismissing the Complaint in its entirety;

(ii) awarding the Defendants attorneys' fees and costs; and

(iii) granting Defendants any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
September 26, 2007

THACHER PROFFITT & WOOD LLP

By: _____S/_____
Kevin J. Plunkett
Darius P. Chafizadeh
*Attorneys for Defendants*
50 Main Street
White Plains, NY 10606
914-421-4100

TO: Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401